**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JAMES MICHAEL KITCHEN, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 11-5834 |
| v. | : | MEMORANDUM OPINION & ORDER |
| JEFF GRONDOLSKY, et al., | : | |
| Defendants. | : | |

This matter is before the Court on a motion of the Defendants pursuant to Local Civil Rule 7(I) for reconsideration of the Court's December 4, 2013 Order denying in part Defendants' motion to dismiss the constitutional claims against Jeff Grondolsky and Donna Zickefoose. Upon considering the motion and Plaintiff's opposition thereto, the Court will deny reconsideration.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). It must be stressed, however, that reconsideration is "an extraordinary remedy" and is granted "sparingly." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

To succeed on a motion for reconsideration, the moving party must show "more than a disagreement" with the decision it would like reconsidered. Anders v. FPA Corp., 164 F.R.D. 383, 387 (D.N.J. 1995). Instead, there must be some "dispositive factual matters or controlling decisions of law" that were presented to the Court, but not considered. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002); United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Thus, a "mere recapitulation of the cases and arguments considered by the court before rendering the original decision" does not warrant a grant of reconsideration. Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 706 (D.N.J. 1989), modified, 919

F.2d 225 (3d Cir. 1990); accord In re Gabapentin Patent Litigation, 432 F. Supp. 2d 461, 463 (D.N.J. 2006); S.C. v. Deptford Twp. Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

A motion for reconsideration will likewise fail if the moving party merely raises arguments or presents evidence that could have been raised or presented before the original decision was reached. NL Indus, 935 F. Supp. at 516. Thus, the moving party must actually present "something new or something overlooked by the court in rendering the earlier decision." Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995) (citing Harsco Corp., 779 F.2d at 909). The word "overlooked" is the operative term and has been consistently interpreted as referring only to facts and legal arguments that might reasonably have resulted in a different conclusion had they been considered. Summerfield v. Equifax, 264 F.R.D. 133, 145 (D.N.J. 2009) (citing United States v. DeLaurentis, 83 F. Supp. 2d 455, 474 n.2 (D.N.J. 2000)).

Defendants have not presented the Court with an intervening change in the controlling law, evidence not previously available, or a clear error of law that will result in manifest injustice.

Accordingly,

IT IS ORDERED this __10th__ day of February, 2014 that Defendants' motion for reconsideration [53] of this Court's decision denying in part their Motion to Dismiss is hereby DENIED.

_____
JOSEPH H. RODRIGUEZ
U.S.D.J.